IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS HERNANDEZ-CUEVAS

Plaintiff

v.

WILLIAM TAYLOR, et al

Defendants

Civil No. 09-1200

**OPINION & ORDER**

Pending before this Court is co-defendants William Taylor ("Taylor") and Steven W. Martz's ("Martz") ("Defendants") Motion to Dismiss for Failure to Serve (Docket # 8), and Plaintiff's response seeking dismissal without prejudice. For the reasons set forth below, both motions shall be **GRANTED**.

**Factual Background**

Plaintiff Carlos Hernandez Cuevas ("Plaintiff") brought the present lawsuit as a Bivens action against Taylor and Martz, FBI Special Agents, for allegedly illegally conspiring to deprive him of his rights and freedoms as guaranteed by the United States Constitution. He alleges that he was wrongfully and recklessly arrested, and charged with conspiracy to launder money and distribute narcotics, after being mistakenly identified at a supermarket during an FBI stakeout for a person only marginally fitting his general fiscal description. He claims that Taylor and Martz's overzealousness made them rush into fabricating evidence and testimony, leading to both his arrest and unfounded indictment. See Docket 1. Accordingly, on February 27, 2009, Plaintiff brought the present action for malicious prosecution. Nevertheless, both parties concur that, as to date, Plaintiff has failed to serve process on co-defendants Taylor and Martz. See Docket # 8 at 1 & Docket # 9.

**CIVIL NO. 09-1200 (SEC)**                                                                                         Page 2

**Applicable Law & Analysis**

*Service of Process*

FED. R. CIV. P. 4(m) states that service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. If service is not effected within 120 days, the court shall dismiss the cause of action, unless good cause is shown. See, e.g., Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 822 (1st Cir. P.R. 1987); Tracy v. United States, 243 F.R.D. 662, 666 (D. Nev. 2007). The rule plainly states that this dismissal shall be without prejudice.

In addition, FED. R. CIV. P. 4(i)(2)(B) requires anyone suing an officer or employee of the United States of America ("United States"), to serve both the United States and the individual, or individuals, in question. The rule requires that "[s]ervice upon the first should be done pursuant to FED. R. CIV. P. 4(i), which in its relevant part requires that service be effected by: (1) delivering copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought . . ., and (2) by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States." Solis-Alarcon v. United States, 432 F. Supp. 2d 236, 245 (D.P.R. 2006). Moreover, the officer or employee should be served ". . . in the manner prescribed by Rule 4(e),(f), or (g)." FED. R. CIV. P. 4(i)(2)(B). In the present action, Plaintiff admits that he has failed to serve Taylor and Martz within the 120 day limit described in FED. R. CIV. P. 4(m).

The United States argues that failure to serve the individual defendants in a Bivens action "renders improper the service against the Untied States, as well as against the agency and officials and employees." McMasters v. United States, 260 F.3d 814, 818 (7th Cir.2001). Plaintiff does not contest this assertion, and this Court understands that while the United States

fails to cite First Circuit case law, its assertion is correct. Therefore, because Plaintiff failed to serve the individual federal defendants, the United States is entitled to dismissal without prejudice under FED. R. CIV. P. 4(m).

*FED. R. CIV. P. 41(a)(1)(i)*

Under First Circuit case law, a motion to dismiss is not considered a responsive pleading. U.S. v. Karvelas-Wakefield Hosp., 360 F. 3d 220, n. 29 (1st Cir. 2004) (citing Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000)). In the present action, the only pleading submitted by the federal defendants is the motion to dismiss. Therefore, this Court concludes that regardless of the above, Plaintiff is entitled to dismissal without prejudice under FED. R. CIV. P. 41(a)(1)(i), which states that ". . . an action may be dismissed by the plaintiff without an order of court [. . .] by filing a notice of dismissal at any time before service by the adverse party of an answer, or of a motion for summary judgment. . . ." Furthermore, unless otherwise stated, this dismissal is without prejudice. FED. R. CIV. P. 41(a)(1)(i).

In light of the above, both Plaintiff's, and the Defenants' motions are **GRANTED**, and the present action is **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 14th day of July, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge